UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | :   11 Cr. 676 (RJS) |
| MICHAEL COTTO, | : |
| Defendant. | : |

------------------------------------------------------------x

THE GOVERNMENT'S SENTENCING SUBMISSION

 

PREET BHARARA
United States Attorney for the
   Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Alvin Bragg
Sarah Paul
Assistant United States Attorneys
- Of Counsel -

The defendant is scheduled to be sentenced on July 25, 2012. The Government respectfully files this submission in advance of the sentencing.[1] The defendant pled guilty to conspiring to distribute and possess with intent to distribute between 60 and 80 grams of heroin, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 846. The plea agreement stipulated that the defendant's Guidelines range is 24 to 30 months' imprisonment. The United States Probation Office (the "Probation Office") also determined that the Guidelines range is 24 to 30 months' imprisonment. The Government submits that a sentence within this Guidelines range would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

**A.     The Indictment and The Offense Conduct**

The Indictment charged the defendant and eight co-defendants with conspiring to distribute and possess with intent to distribute (i) five kilograms and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) one kilogram and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and (iii) 28 grams and more of a mixture and a substance containing a

---

[1] The defense has not yet filed a sentencing submission. The Government is filing its submission today pursuant to the Court's Individual Rules of Practice for Sentencing Proceedings. The Government respectfully notes that, depending upon the substance of any defense submission, the Government may seek the Court's permission to file a supplemental submission.

detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).  The Indictment charged that this conspiracy began at least in or about July 2010 and lasted until in or about July 2011.  The defendant pled guilty to the lesser included offense of conspiracy to distribute and possess with the intent to distribute mixtures and substances containing 60 to 80 grams of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).  Cotto was a "street-level" dealer who received drugs from his co-defendants Ismael Canales and Jonathan Rodriguez.  (Presentence Investigation Report ("PSR") ¶ 23.)

The investigation primarily involved (1) several controlled buys by an undercover agent and a confidential informant from Canales of more than 200 grams of cocaine, approximately 95 grams of cocaine base and ten grams of heroin; (2) numerous wiretapped, drug-related conversations, including conversations during which Cotto talked to Canales about getting drugs from Canales (Id. ¶ 24); and (3) execution of search warrants for the apartments of Canales, Rodriguez, and two other co-defendants, Jose Medina and Javier Delarosa.  At the residences of Canales and Rodriguez, the agents recovered cocaine and crack cocaine, along with narcotics paraphernalia, including ledgers, scales, and drug presses.  The agents also recovered a gun from Canales' residence and narcotics paraphernalia from Delarosa's apartment.

**B.     The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") found that the defendant's base offense level is 22, since the defendant is attributed with conspiring to distribute at least 60 grams but less than 80 grams of heroin.  (Id. ¶ 33.)  The Probation Office reduced the offense level by two levels under Guidelines Section 2D1.1(b)(16), because the defendant appeared to meet the conditions set forth in Guidelines Section 5C1.2.  (Id. ¶ 34.)  The Probation

Office further deducted three points for acceptance of responsibility and, thereby, arrived at a final offense level of 17.  (Id. ¶ 42.)  The Probation Office also determined that the defendant has zero criminal history points and is in Criminal History Category I.  (Id. ¶ 45.)  The PSR's criminal history and offense level calculations were the same as the ones the parties agreed to in the defendant's plea agreement.  With an offense level of 17 and a Criminal History Category of I, the Guidelines range is 24 to 30 months' imprisonment.

The PSR noted that, while the defendant does not have any prior convictions, he previously was arrested on three occasions.  In 2007, he was arrested for criminal possession of stolen property, and, in 2008 and 2009, he was arrested for possession of cocaine.  (PSR ¶¶ 46, 48, 49.)  The Bronx District Attorney's Office has not determined whether to proceed with the case arising from the 2007 arrest, and it apparently declined to bring charges in connection with the defendant's arrest in 2008.  (Id. ¶¶ 47, 49.)  The arrest in 2009 apparently was resolved by the defendant's participation in a "Drug Treatment Alternative to Prison" program.  (Id. ¶ 48.)

## DISCUSSION

A.      Applicable Law

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly

calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.      A Sentence Within The Stipulated Guidelines Range Is Appropriate**

The defendant engaged in significant drug trafficking activity that involved at least 60 grams of heroin.  While the Government is not aware of any specific acts of drug-related violence by the defendant, drug trafficking is inherently dangerous conduct.  And here, a firearm was recovered during the search of the residence of the defendant's co-defendant, Canales, from whom the defendant obtained narcotics to distribute.  Accordingly, the harm done to the public from the instant offense is significant.

The instant offense also does not appear to be an isolated episode of criminal conduct.  While the defendant does not have any prior convictions, he was arrested three times between February 2007 and November 2008, and two of these arrests were drug-related.  Indeed, the Probation Office concluded that "[t]he lack of jail time resulting from these arrests may have undermined Cotto's understanding of the seriousness of his developing pattern of criminal conduct."  (PSR at 21.)  Given the defendant's apparent escalating pattern of criminal conduct, there is a  need to provide specific deterrence and to protect the public from further crimes by the defendant.  Accordingly, the Government respectfully suggests that a sentence within the Guidelines range of 24 to 30 months' imprisonment is warranted to provide such deterrence and protection to the public, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines range of 24 to 30 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: New York, New York
July 18, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Alvin Bragg/Sarah Paul
Assistant United States Attorneys
Tel.: (212) 637-1085/2326