UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X


      -against-                                                    11-CR-676


MICHAEL COTTO
--------------------------------------------------------X



SENTENCING MEMORANDUM




Respectfully submitted,

CHARLES S. HOCHBAUM, ESQ.
ATTORNEY FOR DEFENDANT
16 COURT STREET
BROOKLYN, NY 11241

This sentencing memorandum is respectfully submitted on behalf of the Defendant Michael Cotto.

The Defendant, Michael Cotto pled guilty pursuant to a plea agreement February 24, 2012. The terms of the agreement were that the Defendant would plead guilty to the lesser included offense of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin pursuant to 21 Usc 841(b)(1)(c)  and the weight assessed was between 60 and 80 grams of heroin. The defendant has proffered and is eligible for the safety valve reduction pursuant to Guideline 5C.2(a)(1) as acknowledged in the plea agreement. Under the plea agreement the parties have stipulated that the advisory guideline range is 24 to 30 months.

As set forth below we are requesting that the Court sentence the Defendant to a non-guideline sentence of time served.

In light of the stipulation set forth above the Defendant does not contest the advisory guideline range but pursuant to the same plea agreement the parties have agreed that Mr. Cotto may seek a sentence outside the guideline range and based upon the facts set forth below the Defendant does request that the Court impose the non-guideline sentence suggested above stipulated guideline range. In fashioning the appropriate sentence for this defendant the court should consider the following legal and factual arguments:

Under 18 U.S.C. § 3553(a)  the court shall impose a sentence sufficient, but no greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

     (B) to afford adequate deterrence to criminal conduct;

     (C) to protect the public from further  crimes of the defendant; AND

     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for:

     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;

(5) any pertinent policy statement:

     (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States code, subject to any amendments made to such policy statements by act of Congress. . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

A first step in post-*Booker* sentencing is to determine the applicable Guideline range after making such findings of fact as are necessary, as required by 18 U.S.C. §3553(a)(4).  *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005).  Thes applicable Guideline range is determined in the same manner as before *Booker*.  Once this Guideline range is determined, the court has the duty to "consider" it along with the other factors listed in § 3553(a).

Guidelines are advisory and entitled to the same weight and not more than that accorded to each other factor that the Court is instructed to consider by § 3553(a).  The statute that the Court is required to apply, does not distinguish between the weight to be given to any of the factors listed.  If in fact greater weight is given to the Guidelines, the court will  be committing the act that ***Booker*** forbids. As the Supreme Court noted in ***Gall v United States***, the Sentencing Judge has the greatest familiarity with the individual case and the individual defendant before him and therefore is in a superior position to find facts and judge their import in each particular case. Any sentence that deviates substantially from the Guideline range ***does not*** have to be justified by extraordinary circumstances.

Under 18 U.S.C. § 3553(a), the key requirement is that the sentence in each case must be "**sufficient, but not greater than necessary**".

No only must courts consider the factors of § 3553(a), the courts are no longer bound by the departure methodology of the guidelines.  Rather, a sentence outside the calculated guideline range may be justified by factors that would not have previously justified a departure from the guideline range as set forth above.

To treat the  guidelines as presumptively correct  is to concede the converse, i.e., that any sentence imposed outside the Guideline range would be presumptively unreasonable in the absence of clearly identified factors.  Such an analysis would in fact  make the guidelines, in effect, still mandatory.  This would eliminate the type of careful analysis of the evidence that should be considered when depriving a  person of his or her liberty. The recent Supreme Court decisions in ***Kimbrough*** , ***Gall*** and ***Rita*** stand for the proposition  that the District Court is free to make its own reasonable application of the §3553(a) factors and to reject (after due consideration) the advice of the Guidelines.

This defendant played a very limited role in the major drug dealing that the indictment sets forth.  He was an end-user/dealer selling small amounts of heroin and his sentence should not reflect the large quantities of drugs that existed in this case and his plea to a lesser included offense is reflective of this as well as the Government's concession that he has fulfilled his obligations in the safety valve proffer.

While Mr. Cotto has only served approximately 5 months (he was released on bail at his arraignment and only incarcerated since his plea) we believe that this period of incarceration plus any term of supervised release imposed fulfills the Courts obligation under Under 18 U.S.C. § 3553(a) to impose a sentence that is sufficient but not greater than necessary.

The most important thing to note in this matter is the letter from the Defendant's employer Grace Marketplace in New York City.  Their willingness to rehire Mr. Cotto in either his earlier position or a new position if necessary speaks volumes as to Mr. Cotto's ability to rehabiltate himself and return to society as a productive citizen.  It is the rare occassion wherein an employer would welcome the return of a defendant and is willing to hold his position or create a new one for him upon his release.

As the letters from the Defendant and his family shows that he will have a strong support structure to return to and it is clear to me in my various meetings with Mr. Cotto that he has grown up considerably during his incarceration and is committed to taking all the necessary steps to be a productive and law abiding citizen.

Wherefore based upon all of the foregoing it is the hope of the Defendant that the  Court will find that a non-guideline sentence herein is appropriate.

Respectfully,

CHARLES S. HOCHBAUM